### INDIANA SILO CO. OF TEXAS v. BIGHAM. (No. 6283.)

(Court of Civil Appeals of Texas. Austin. Feb. 9, 1921.)

Continuance ⬦⟜30—Denial of motion on filing of amended petition error.

Where on the day the case was called for trial plaintiff filed his first amended original petition, which presented new and material issues not in the case before, the denial of defendant's motion for a continuance on the ground of surprise and to obtain material testimony was erroneous; it not appearing defendant was guilty of any negligence.

Appeal from County Court, Bell County; M. B. Blair, Judge.

Action by J. W. Bigham against the Indiana Silo Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Wray & Mayer, of Fort Worth, and Tyler, Hubbard, Monteith & Dougherty, of Belton, for appellant.

Lewis H. Jones, of Belton, and Evetts & White, of Temple, for appellee.

KEY, C. J. J. W. Bigham filed this suit against the Indiana Silo Company of Texas, and sought to recover damages for an alleged breach of warranty concerning a silo which the plaintiff bought from the defendant. Appellant filed a plea of privilege to be sued in Tarrant county, its domicile, which plea was overruled. An answer, consisting of general demurrer, general denial, and certain special pleas, which need not be here stated, was filed. The defendant also filed a motion for continuance, alleging surprise because of new matters set up in the plaintiff's first amended original petition, filed on the day the case was called for trial, which motion was overruled.

The cause then proceeded to trial before a jury, and special findings were made, upon which the court entered judgment, in favor of the plaintiff for the sum of $450. The defendant's motion for a new trial was overruled, and the latter has appealed, and seeks a reversal of the judgment referred to.

We sustain the first assignment of error, which complains of the action of the trial court in overruling the defendant's application for a continuance. We think the application shows that the amended petition referred to set up new and material matters, and presented new and material issues not in the case before, and that it was shown that the defendant was not guilty of any lack of diligence; that the testimony of the absent witness was material, and could not be obtained at that term of court. We also hold that the application was sufficient in other respects, and that the action of the court in overruling it constitutes reversible error.

The other assignments of error have been considered, and are overruled.

Because of the error in refusing to grant the motion for a continuance, the judgment is reversed, and the cause remanded.

⬦⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes